1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10
11

JASON E. McMURRAY,

No. C 07-1007 MMC

12

Plaintiff,

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; GRANTING MOTION TO STRIKE PUNITIVE DAMAGES; DENYING MOTION FOR A MORE DEFINITE STATEMENT; GRANTING LEAVE TO AMEND**

13

v.

14
15

MERCK & CO., INC, a NEW JERSEY CORPORATION,

16

Defendant

(Docket No. 6)

17
18

Before the Court is defendant Merck & Co., Inc.'s motion, filed February 23, 2007, to

19

dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, four of the eight

20

causes of action alleged in plaintiff Jason E. McMurray's complaint; to strike the prayer for

21

punitive damages, pursuant to Rule 12(f); and for a more definite statement, pursuant to

22

Rule 12(e).  Plaintiff has not filed an opposition.[1]  Having considered the papers filed in

23

support of the motion, the Court finds the matter appropriate for decision without oral

24

argument, see Civil L. R. 7-1(b), and rules as follows:

25
26

1. To the extent defendant seeks dismissal of the First Cause of Action ("Breach of

27
28

[1] On April 3, 2007, the Court issued an order vacating the April 6, 2007 hearing due to plaintiff's failure to oppose the motion.  Plaintiff has not sought an extension of time to file an opposition.

1    Express Warranty"), the motion is hereby DENIED.

2        Contrary to defendant's argument, plaintiff has not failed to adequately allege an

3    express warranty by defendant.  Plaintiff has alleged that defendant breached an express

4    warranty, made "both orally and in publications, brochures, package inserts and/or other

5    written materials intended for medical professionals, patients and/or the general public,"

6    that "Lovastatin was safe, effective, fit and/or proper for its intended use to manage and/or

7    control pain."  (See Compl. ¶ 12.)  Defendant has cited no authority requiring the precise

8    language of the express warranty at issue to be pleaded.  See Fed. R. Civ. P. 8(a)

9    (requiring pleading of "short and plain statement" of claim); Sierra Diesel Injection Service,

10   Inc. v. Burroughs Corp., 890 F.2d 108, 113 (9th Cir. 1989) (holding claim for breach of

11   express warranty governed by "federal court's liberal pleading requirements"); cf. Willson v.

12   Bank of America, 2004 WL 1811148 at *4 (N.D. Cal. 2004) (denying motion to dismiss

13   claim for breach of contract; observing plaintiff "need not allege specific terms of the

14   contract under federal notice pleading standards").

15       2. To the extent defendant seeks dismissal of the Sixth Cause of Action ("Fraud and

16   Deceit"), the motion is hereby GRANTED, and such claim is hereby DISMISSED, with

17   leave to amend.

18       The elements of fraud under California law are: "(a) misrepresentation (false

19   representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c)

20   intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage."

21   See Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996).  Rule 9(b) provides that "[i]n all

22   averments of fraud or mistake, the circumstances constituting fraud or mistake shall be

23   stated with particularity."  See Fed. R. Civ. P. 9(b).  To satisfy Rule 9(b), "the pleader must

24   state the time, place, and specific content of the false representations as well as the

25   identities of the parties to the misrepresentation," see Schreiber Distributing Co. v. Serv-

26   Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986), and "explain why they are

27   false and misleading," see Philips Medical Capital, LLC v. Medical Insights Diagnostics

28   Center, Inc., 471 F. Supp. 2d 1035, 1044 (N.D. Cal. 2007) (citing In re GlenFed, Inc. Sec.

2

1   Litig., 42 F.3d 1541, 1548 (9th Cir. 1994)).  Plaintiff fails to allege the time, place, and

2   specific content of the asserted false representations, the identities of the parties to the

3   misrepresentations, or the reason why such representations are false and misleading.

4   Accordingly, plaintiff's allegations in support of his fraud claim fail to satisfy the

5   requirements of Rule 9(b).

6        3. To the extent defendant seeks dismissal of the Seventh Cause of Action

7   ("Negligent Misrepresentation"), the motion is hereby GRANTED, and such claim is hereby

8   DISMISSED, with leave to amend.

9        The elements of negligent misrepresentation under California law are similar to the

10  elements of fraud, with the exception that there is no requirement of scienter or intent to

11  defraud.  See Small v. Fritz Companies, Inc., 30 Cal. 4th 167, 173-74 (2003).  The tort of

12  negligent misrepresentation encompasses (1) the "assertion, as a fact, of that which is not

13  true, by one who has no reasonable ground for believing it to be true," and (2) the "positive

14  assertion, in a manner not warranted by the information of the person making it, of that

15  which is not true, though he believes it to be true."  See id. at 174 (internal quotations and

16  citations omitted).  For the same reasons set forth above in connection with the fraud claim,

17  plaintiff's allegations in support of his negligent misrepresentation claim fail to satisfy the

18  requirements of Rule 9(b).

19       4. To the extent defendant seeks dismissal of the Eighth Cause of Action ("Violation

20  of Cal. Bus. and Prof. Code Section 17500, et seq."), the motion is hereby DENIED.

21       Contrary to defendant's argument, plaintiff has not failed to identify the code sections

22  defendant allegedly violated.  Rather, plaintiff expressly alleges defendant's conduct

23  constitutes "unfair competition, unfair, deceptive, untrue or misleading advertising, and an

24  unlawful business practice within the meaning of California Business & Professions Code

25  Sections 17200 and 17500."  (See Compl. ¶ 65.)

26       5. Defendant's motion to strike the prayer for punitive damages is hereby

27  GRANTED, and such prayer is stricken, with leave to amend.

28       Plaintiff has failed to plead the allegedly wrongful conduct was authorized or ratified

1    by an officer, director or managing agent of defendant.  <u>See</u> Cal. Civ. Code § 3294(b); <u>see</u>

2    <u>also</u> <u>Scannell v. County of Riverside</u>, 152 Cal. App. 3d 596, 614 (1984). Defendant's

3    additional argument is unpersuasive, however.  Contrary to such argument, plaintiff is not

4    required to plead oppression, fraud, or malice with particularity.  Rule 9(b) expressly

5    provides that "[m]alice, intent, . . . and other condition of mind of a person may be averred

6    generally."  <u>See</u> Fed. R. Civ. P. 9(b); <u>see</u> <u>also</u> <u>Clark v. State Farm Mutual Automobile Ins.</u>

7    <u>Co.</u>, 231 F.R.D. 405, 406 (C.D. Cal. 2005) ("[A] plaintiff bringing an action in federal court

8    may include a 'short and plain' prayer for punitive damages that relies entirely on

9    unsupported and conclusory averments of malice or fraudulent intent") (internal quotation

10   and citation omitted).

11        6. To the extent defendant moves for a more definite statement, the motion is

12   hereby DENIED.

13        A more definite statement is appropriate where a pleading "is so vague or

14   ambiguous that a party cannot reasonably be required to frame a responsive pleading."

15   <u>See</u> Fed. R. Civ. P. 12(e).  Here, contrary to defendant's argument, the allegations in

16   support of plaintiff's claims for negligence and violation of §§ 17200 and 17500 of the

17   California Business and Professions Code are adequately pleaded, in conformity with the

18   requirements of Rule 8(a) of the Federal Rules of Civil Procedure, and are sufficiently clear

19   that defendant can respond to them.  Defendant further contends the complaint is

20   ambiguous and confusing because the complaint (1) repeatedly refers to Lovastatin's

21   effectiveness for management of pain, although, according to defendant, Lovastatin is a

22   cholesterol drug that is not prescribed to control pain; (2) repeatedly alleges that Lovastatin

23   causes an increased risk of heart attack and stroke, although, according to defendant, such

24   injuries are not the type of injuries associated with use of Lovastatin; (3) fails to allege what

25   injury plaintiff actually has suffered from use of Lovastatin; and (4) refers to plaintiff

26   throughout the complaint as both "him" and "her."  Although such allegations suggest that

27   plaintiff may have based his complaint on a prior pleading without redacting allegations that

28   are not relevant to the instant action, the allegations are not so vague and ambiguous that

4

defendant cannot respond to them.  Defendant, for example, can deny that Lovastatin is used for pain management.  To the extent plaintiff agrees with defendant that the complaint contains allegations that were not intended, however, plaintiff may amend his complaint accordingly.

      7. Any amended complaint shall be filed no later than June 8, 2007.

      This order terminates Docket No. 6.

      **IT IS SO ORDERED.**

Dated: May 17, 2007

MAXINE M. CHESNEY
United States District Judge